■ AT&T CREDIT CORPORATION, Appellant, v GHANSHYAM K. PATEL et al., Individually and Doing Business as THUNDERBIRD MOTEL, Respondents. [700 NYS2d 920] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying the motion of plaintiff, AT&T Credit Corporation (AT&T Credit), for summary judgment. Defendants entered into an agreement to lease equipment supplied by AT&T Information Systems, Inc. (AT&T) and financed by AT&T Credit. When defendants failed to make payments due, AT&T Credit exercised its option to declare the balance due and payable. AT&T Credit instituted this action to recover the unpaid balance per the terms of the lease. In their answer defendants did not dispute entering into the lease, but alleged various affirmative defenses and counterclaims regarding the unsatisfactory performance of the equipment.

AT&T Credit moved for summary judgment, asserting in a supporting affidavit that, pursuant to the lease agreement, defendants unconditionally promised to pay AT&T Credit monthly rent in the amount of $259.94; that defendants defaulted; that AT&T Credit declared all liabilities due and payable; that a final demand was made; and that defendants failed to make payment. AT&T Credit set forth the total amount due, including accrued interest. It also asserted that, "[a]lthough defendants assert a counterclaim, the lease agreement precludes this counterclaim and Part II, Paragraph 6 of the Lease Agreement provides that defendants' obligation to pay the total rent and other amount due shall be absolute and unconditional and shall not be subject to any delay, reduction, set-off, or counterclaim for any reasons, including any alleged failure or defect of any equipment or service." The answering affidavit of defendants fails to respond to the affidavit of AT&T Credit except to repeat their contention concerning the unsatisfactory functioning of the equipment.

The terms of the lease are clear and unambiguous (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162), and defendants' affirmative defenses and counterclaims do not preclude AT&T Credit from obtaining summary judgment.

Therefore, we reverse the order and grant the motion of AT&T Credit. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.